1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRICK CONNORS ) | |
| ) | |
| Plaintiff, ) | Case No. 3:11-cv-00345-LRH-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA,et al, ) | Application to Proceed in *Forma Pauperis* (#3) and Screening of |
| ) | Complaint |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in *Forma Pauperis* (#3), filed May 23, 2011.

**BACKGROUND**

Plaintiff filed a Complaint with the Court (#1), on May 13, 2011 alleging Invasion of Privacy against the United States of America, Research in Motion, Ltd., Google Inc., Yahoo Inc., and Verizon Wireless.  The Complaint, on its face, does not contain any facts to support the Plaintiff's alleged civil rights violation.  Instead, attached to the Complaint, Plaintiff included several letters and documents stating that he was injected with what he believes to be a VeriChip in 1999.  Plaintiff alleges this VeriChip is being used to stalk him by the named Defendants.

On May 23, 2011, Plaintiff filed an Application to Proceed in Forma Pauperis (#3), along with more attached letters.   Additionally, Plaintiff filed another letter with the Court on June 16, 2011 (#5), requesting the following parties be added to his civil rights action: Apple Inc., Microsoft, Myspace (Facebook), and NV Energy.

. . .

. . .

**DISCUSSION**

**I.      Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Connor's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.      Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 33.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.      Civil Rights Claim**

42 U.S.C. § 1983 is the vehicle through which plaintiffs can seek redress for violations of rights secured by the United States constitution and laws.  In order to state a claim under § 1983, the plaintiff must show (1) a deprivation by the defendant of a right secured by the United States constitution or laws and (2) that the defendant deprived plaintiff of this right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970);

1    *Jacobson v. Tahoe Regional Planning Agency*, 558 F.2d 928, 941 (9th Cir. 1977); *Barragan v.*

2    *Landry*, 2008 WL 873347, *6 (D. Nev. 2008).

3           Section 1983 states in relevant part:

4               Every person who, under color of a statute, ordinance, regulation,
                custom, or usage, of any State or Territory or the District of
5               Columbia, subjects, or causes to be subjected, any citizen of the
                United States or other person within the jurisdiction thereof to the
6               deprivation of any rights, privileges, or immunities secured by the
                Constitution and laws, shall be liable to the party injured in an action
7               at law, suit in equity, or other proper proceeding from redress, ....

8    42 U.S.C. § 1983.

9           Plaintiff filed his complaint alleging Invasion of Privacy against the Defendants.  The

10   Complaint, on its face, alleges no facts or legal causes of actions nor does it identify any individuals

11   responsible for any alleged civil rights violation.  Instead, the Plaintiff attached several letters and

12   documents to the Complaint stating that he had been injected with a VeriChip in 1999.  Taking all

13   the papers and pleadings submitted to the Court, the Plaintiff did not file his civil rights complaint

14   in the proper form, and the Court is unclear if, in fact, the Plaintiff is alleging a civil rights violation

15   under § 1983.

16          The court will give Plaintiff an opportunity to amend the complaint to cure its deficiencies,

17   and give Plaintiff some guidance in this regard.  As stated above, there are two basic elements that

18   a plaintiff is required to allege to have a claim under § 1983.  First, plaintiff must allege that

19   someone has deprived him/her of a right guaranteed to him/her by the federal constitution.  The

20   second is that the person who deprived him/her of that right acted under color of state law.  Some

21   of these rights are: the right to free speech under the First Amendment, the right to due process

22   under the Fifth Amendment, and the Fourteenth Amendment right to equal protection.  These rights

23   are usually violated by some action that discriminates against a person on the basis of race, gender,

24   religion, national origin or denies one free speech.

25          Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff

26   must show that those rights were violated by a *person* acting under color of *state* law.  This means

27   that plaintiff must name a person as a defendant in the complaint and that person must have acted

28   under what is called "color of state law."  Persons acting under color of state law typically include

                                             3

officials who in some capacity represent either the state, city, or county government. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d. 492 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663, 98 S.Ct. at 2021. Private persons who are not government officials may also be sued, but they and their actions must be very closely tied to the government in order to be considered "acting under color of state law." *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). Under the doctrine of sovereign immunity, a state, which includes state agencies, cannot be sued for money damages under § 1983 and may be sued only for prospective relief such as an injunction. *Will v. Michigan Dept. State Police*, 491 U.S. 58, 70-71 n.10, 109 S.Ct. 2304, 2312, 108 L.Ed.2d 45 (1989).

Plaintiff's claims against Defendants United States of America and several named corporations do not allege that a federal constitutional right was violated by a government official. For purposes of § 1983, the named Defendants are not deemed government officials acting under the color of state law. Plaintiff may, however, bring a claim against individual federal officers for constitutional violations. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1988).

Plaintiff has failed to state a claim upon which relief may be granted under § 1983. Accordingly, Plaintiff's Complaint will be dismissed with leave to amend pursuant to 28 U.S.C. 1915(e)(2) to permit Plaintiff to allege facts which would establish a claim under 42 U.S.C. § 1983. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#3) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

4

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in the dismissal of this action.

DATED this 10th day of August, 2011.


_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**